**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

JIM WILLIAMS,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )   Case No. CIV-10-341-JHP
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner of Social                 )
Security Administration,               )
                                       )
            Defendant.                 )

**REPORT AND RECOMMENDATION**

Plaintiff Jim Williams (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1]     Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on February 27, 1970 and was 39 years old at the time of the ALJ's decision. Claimant completed his education through the eighth grade and completed courses at Tulsa Welding School. Claimant has worked in the past as an HVAC helper, fitter/welder, and business owner. Claimant alleges an inability

to work beginning September 5, 2005 due to limitations resulting from back and leg problems.

## Procedural History

On October 9, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On April 27, 2009, an administrative hearing was held before ALJ Charles Headrick in Tulsa, Oklahoma. On July 13, 2009, the ALJ issued an unfavorable decision on Claimant's application. On July 15, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of sedentary work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) improperly weighing the medical evidence in assessing Claimant's RFC; and (2)

reaching a flawed step five analysis.

## RFC Determination

The ALJ found Claimant suffered from the severe impairment of degenerative disc disease of the lumbar spine. (Tr. 11). Claimant first criticizes the ALJ's "narrative" of the medical evidence, contending the medical record was "quickly described." Claimant is then critical of the ALJ's reliance upon the opinion of Dr. Olkunle Ajanaku. The ALJ states Dr. Ajanaku attended Claimant from February 27, 2009 to April 27, 2009. (Tr. 17). The medical record from Dr. Ajanaku shows Claimant exhibited a left leg limp, decreased range of motion of the back, pain with back flexion, extension, and lateral flexion. (Tr. 586-94). Dr. Ajanaku diagnosed Claimant with chronic low back pain, lumbar radiculopathy, tobacco dependence, and postlaminectomy syndrome, lumbar region. (Tr. 588, 591, 593). As the ALJ notes, at no time did Dr. Ajanaku recommend restrictions upon Claimant's ability to work. (Tr. 17). Claimant states that the ALJ engaged in a faulty RFC analysis since he formed an opinion as to Claimant's RFC then described how it was consistent with the medical record. The ALJ's method is not unusual nor is it improper. The acceptance of Dr. Ajanaku's opinion as a treating physician was proper in all respects.

Claimant also objects to the ALJ accepting the medical opinion of Dr. R. Tyler Boone but not Dr. Kenneth Trinidad. Both physicians offered opinions on Claimant's condition and ability to engage in work in connection with a state worker's compensation proceeding. Dr. Boone offered an opinion on June 27, 2007 which states Claimant could pursue sedentary or office work so long as he avoided repetitive bending and stooping and avoided lifting more than 10 pounds. Dr. Boone also included the restriction that for every hour of sitting, Claimant would need to change position or take a break. (Tr. 524). Dr. Boone was Claimant's treating physician from June of 2006 through June of 2007. (Tr. 524-36).

Dr. Kenneth Trinidad saw Claimant on one occasion resulting in the report of October 6, 2008. Dr. Trinidad specifically examined Claimant in connection with Claimant's worker's compensation case and to receive a rating. (Tr. 501-05). The ALJ gave some weight to Dr. Trinidad's rating but did not give it controlling weight or equal weight as the opinion of Dr. Boone. This was entirely proper. An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir.

2003)(quotation omitted). The ALJ specifically found Dr. Trinidad examined Claimant for a specific purpose and was not entitled to the same weight as Dr. Boone. (Tr. 17). This Court finds no inconsistency in the manner in which the ALJ evaluated the differing opinions of Dr. Boone and Dr. Trinidad or the weight attributed to each.

In that same regard, the ALJ discussed the rating provided by Dr. Trinidad in connection with Claimant's worker's compensation claim. He noted the differences in evaluating a claim for worker's compensation – that is, whether Claimant can work for a particular employer as opposed to a claim for social security benefits. (Tr. 17). "Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." Baca v. Dept. of Health & Human Serv., 5 F.3d 476, 480 (10th Cir. 1993) quoting Fowler v. Califano, 596 F.2d 600, 603 (3rd Cir. 1979). An ALJ is required to discuss the "significance of the . . . disability evaluation" in his decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). The ALJ discussed the fact the worker's compensation rating was not binding but also stated it was considered but then cited the different standards of evaluation between worker's compensation and social security. No error will be attributed to the manner in which the ALJ addressed Dr.

Trinidad's opinion nor the worker's compensation rating provided by him.

## Step Five Analysis

Claimant also contends the ALJ's conclusion that he could perform the occupations to which the vocational expert (VE") testified constitutes error. Based upon the testimony of the VE, the ALJ determined Claimant could perform the sedentary work of semi conductor assembler and clerical mailer. (Tr. 19). On both jobs, Claimant states in conclusory fashion that the jobs would require him to "frequently engage in activities outside of his mental capabilities."

The VE testified both jobs were unskilled but that Claimant had engaged in past relevant work of a skilled nature as a heating and air helper, business owner, and fitter welder. (Tr. 54-55). "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect

impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). The questioning by the ALJ accurately represented Claimant's impairments. The jobs to which the VE testified did not exceed Claimant's limitations. No error is found in either the ALJ's questioning nor the analysis of available jobs provided by the VE.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 7th day of September, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE